UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:18-cr-85-J-34PDB
 21 U.S.C. § 841(a)(1)
TRUMAINE MULLER  18 U.S.C. § 922(g)
  a/k/a "Lucky"
  a/k/a "Jolly"

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about November 9, 2016, in the Middle District of Florida, the defendant,

TRUMAINE MULLER,
a/k/a "Lucky"
a/k/a "Jolly"

did knowingly and intentionally distribute a controlled substance, which violation involved a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

Pursuant to 21 U.S.C. § 841(b)(1)(C), on or about November 10, 2016, a person identified herein as "A.B." died as a result of the use of the mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, distributed by the defendant.

All in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

## COUNT TWO

On or about January 31, 2017 at approximately 3:14 p.m., in the Middle District of Florida, the defendant,

**TRUMAINE MULLER,**
a/k/a "Lucky"
a/k/a "Jolly"

did knowingly and intentionally distribute a controlled substance, which violation involved a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a mixture and substance containing a detectable amount of Furanylfentanyl, a Schedule I controlled substance, and is therefore punished under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

## COUNT THREE

On or about February 8, 2017 in the Middle District of Florida, the defendant,

**TRUMAINE MULLER,**
a/k/a "Lucky"
a/k/a "Jolly"

did knowingly and intentionally possess with intent to distribute a controlled substance, which violation involved a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and a mixture and substance containing a detectable amount of cocaine, a Schedule II

controlled substance, and is therefore punished under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

## COUNT FOUR

On or about February 8, 2017, in the Middle District of Florida, the defendant,

TRUMAINE MULLER,
a/k/a "Lucky"
a/k/a "Jolly"

having been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including:

1. Grand Theft, on or about July 28, 2005;

2. Possession of a Firearm by a Convicted Felon, on or about June 9, 2006;

3. Possession of Cocaine, on or about October 9, 2007;

4. Possession of Cocaine, on or about September 4, 2008;

5. Introduction and/or Possession of Contraband into a County Detention Facility, on or about November 24, 2008;

6. Sale of Cocaine, on or about June 20, 2011; and

7. Possession of a Firearm by a Convicted Felon and Tampering with Evidence, on or about June 6, 2016.

did knowingly possess, in and affecting interstate commerce, a firearm, that is, a Smith & Wesson .38 caliber special plus P revolver (serial # DAR3902), in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## FORFEITURE

1. The allegations contained in Counts One through Four are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 21 U.S.C. § 841, the defendant, TRUMAINE MULLER, a/k/a "Lucky", a/k/a "Jolly", shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a)(1) and (2), any property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3. Upon conviction of a violation of 18 U.S.C. § 922(g), the defendant, TRUMAINE MULLER, a/k/a "Lucky", a/k/a "Jolly", shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

4. If any of the property described above, as a result of any acts or omissions of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property, which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), and pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

*[signature]*
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: *[signature]*
A. Tysen Duva
Assistant United States Attorney

By: *[signature]*
Frank Talbot
Assistant United States Attorney
Chief, Jacksonville Division

FORM OBD-34
5/8/18 Revised
No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

TRUMAINE MULLER,
a/k/a "Lucky",
a/k/a "Jolly"

## INDICTMENT

Violations: 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. 922(g)

A true bill,

_____
Foreperson

Filed in open court this 10th day

of May, 2018.

_____
Clerk

Bail $_____