UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:18-cr-85-J-34PDB

TRUMAINE MULLER

# **O R D E R**

**THIS CAUSE** came before the Court on Defendant Trumaine Muller's Motion for Severance of Counts and Memorandum in Support (Doc. 50; Motion), filed on November 27, 2018. The government filed a response in opposition to the Motion on December 6, 2018. See United States' Memorandum Opposing Defendant's Motion to Sever Counts (Doc. 58; Response). Thus, this matter is ripe for review. At a status hearing on December 17, 2018, the Court announced that it would deny the instant Motion and stated its intention to enter a written order at a later date. The Court fulfills that intention here.

**I.    Standard**

Pursuant to Rule 8(a) of the Federal Rules of Criminal Procedure (Rule(s)), the government may charge a defendant with multiple offenses in the same indictment "if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." The Eleventh Circuit instructs that Rule 8 is to be broadly construed in favor of joinder. See United States v. Dominguez, 226 F.3d 1235, 1238 (11th Cir. 2000). Doing so, the Court determines whether initial joinder is proper based on the allegations on the face of an indictment. Id. at 1238-41. The Court may

also look to the representations of the government supporting joinder where the indictment does not explicitly state the connection between the charges. See id. at 1241.

Rule 14, in turn, "recognizes that joinder, even when proper under Rule 8(a), may prejudice either a defendant or the Government." Zafiro v. United States, 506 U.S. 534, 538-39 (1993). Rule 14 provides, in relevant part, that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). When presented with a motion pursuant to Rule 14, the Court must "balance the defendant's right to a fair trial against the public's interest in efficient and economic administration of justice." United States v. Berkman, 433 F. App'x 859, 862 (11th Cir. 2011). "In conducting this analysis, the district court must grant a motion for severance only where denial would 'result[] in compelling prejudice against which the district court [can] offer[] no protection." United States v. Whitfield, No. 08-60229-CR, 2009 WL 3042394, at *3 (S.D. Fla. Sept. 18, 2009) (quoting United States v. Dowd, 451 F.3d 1244, 1249 (11th Cir. 2006)) (alterations in original). In United States v. Walser, the Eleventh Circuit reaffirmed that "some prejudice" is not sufficient to mandate severance; instead, the defendant carries a heavy burden to go beyond mere conclusory allegations and show that he would receive an unfair trial and suffer compelling prejudice. 3 F.3d 380, 386 (11th Cir. 1993). The court further explained:

> The test for assessing compelling prejudice is whether under all the circumstances of a particular case it is within the capacity of jurors to follow a court's limiting instructions and appraise the independent evidence against a defendant solely on that defendant's own acts, statements and conduct in relation to the allegations contained in the indictment and

> render a fair and impartial verdict. If so, "though the task be difficult," there is no compelling prejudice. Moreover, if the possible prejudice may be cured by a cautionary instruction severance is not required.

Id. at 386-87 (internal citations omitted).

## II. Analysis

The Superseding Indictment (Doc. 26) charges Defendant with three counts of drug distribution and/or possession of drugs and one count of unlawfully possessing a firearm. See generally Superseding Indictment. Specifically, Count One charges Defendant with distributing fentanyl on November 9, 2016, which resulted in the death of "A.B." on November 10, 2016. See id. at 1. Count Two charges Defendant with distributing heroin and furanylfentanyl on January 31, 2017. Id. at 2. Count Three charges Defendant with possessing with the intent to distribute cocaine and furanylfentanyl on February 8, 2017. Id. at 2-3. Counts One, Two, and Three each allege violations of 21 U.S.C. § 841(a)(1) and (b)(1)(C).[1] Id. at 1-3. Finally, Count Four charges Defendant with possessing a firearm on February 8, 2017 after having been convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Id. at 3. Notably, Count Two is the product of a controlled drug purchase made by a confidential informant at Defendant's residence. See Response at 5; Motion at 4. That same controlled drug purchase also assisted the Clay County Sheriff's Office in obtaining a search warrant for Defendant's residence, and the execution of that search warrant on February 8, 2017 lead to the charges in Counts Three and Four. Id.

---

[1] The Court notes that the original indictment (Doc. 1; Original Indictment), returned on May 10, 2018, differs from the Superseding Indictment only regarding the controlled substances referenced in Count Three. Specifically, Count Three of the Original Indictment references cocaine and heroin, while Count Three of the Superseding Indictment references cocaine and furanylfentanyl.

In the Motion, Defendant requests that the Court sever the four-count Superseding Indictment against him and try the four charges in three separate trials, with Counts One and Two being tried individually and Counts Three and Four being tried together. See Motion at 5. In support, Defendant asserts that the four offenses occurred on three different dates and that each offense alleges different conduct. Id. at 3-4. As such, Defendant maintains there is no common scheme or transaction to link the conduct alleged in Count One or in Count Two with the conduct alleged in Counts Three and Four. Id. In response, the government asserts that Count One is of a similar character to Counts Two and Three. See Response at 7. The government further contends that Counts Two, Three, and Four are sufficiently related because "[t]he controlled drug purchase charged in Count Two was the impetus for the February 8, 2017 search warrant that led to Counts Three and Four." Id.

Eleventh Circuit precedent instructs that "Rule 8(a) is not limited to crimes of the 'same' character but also covers those of 'similar' character, which means '[n]early corresponding; resembling in many respects; somewhat alike; having a general likeness.'" Walser, 3 F.3d at 385 (quoting United States v. Werner, 620 F.2d 922, 926 (2d Cir. 1980)). "Moreover, when offenses are joined under Rule 8(a) by virtue of their 'same or similar character,' the offenses need only be similar in category, not in evidence." United States v. Hersh, 297 F.3d 1233, 1241 (11th Cir. 2002) (quoting United States v. Coleman, 22 F.3d 126, 133 (7th Cir. 1994)). Although the offenses alleged in Counts One, Two, and Three occurred on different dates, the Court finds that the conduct alleged in those counts is sufficiently similar to support joinder under Rule 8. Indeed, Counts One, Two, and Three each allege violations of the same statute and are all related to the possession or

4

distribution of substantially similar types of drugs—opiates (fentanyl, furanylfentanyl, and heroin). See Walser, 3 F.3d at 385 ("While the offenses charged in Count I are distinct in time from those alleged in Counts II and III, they are nonetheless similar."); Hersh, 297 F.3d at 1242 (holding that child molestation and possession of child pornography are similar in character for purposes of Rule 8). Moreover, as noted above, the controlled drug purchase charged in Count Two assisted law enforcement with obtaining a search warrant for Defendant's residence, which then led to the charges in Counts Three and Four. Thus, based on the allegations in the Superseding Indictment and the government's representations in the Response, the Court finds that all four counts were properly joined under Rule 8.

Additionally, Defendant has failed to proffer, and the Court cannot discern, any cognizable prejudice that would warrant severance of any count charged in the Superseding Indictment.[2] Indeed, any possible prejudice may be cured by a cautionary instruction. See Walser, 3 F.3d at 387 ("[T]he district court instructed the jury to consider each charge in the indictment separately and not to permit a verdict on one count to affect deliberations regarding another count. Absent evidence to the contrary, we presume that the jury was able to follow the court's instructions and evaluate the evidence against each defendant independently." (internal citations and quotation marks omitted)). Thus, the Motion is due to be denied.

---

[2] Notably, Defendant has not indicated a desire to testify as to some counts but not others. See Berkman, 433 F. App'x at 862 ("Severance is not required simply because a defendant wishes to testify as to some counts but not as to others. Rather, a defendant must demonstrate that [he] has important testimony to give on one set of counts, and a strong need to refrain from testifying on the others.") (citing Hersh, 297 F.3d at 1243 n.15; United States v. Montes-Cardenas, 746 F.2d 771, 778 (11th Cir. 1984)).

Accordingly, it is

**ORDERED**:

Defendant Trumaine Muller's Motion for Severance of Counts and Memorandum in Support (Doc. 50) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida on December 20, 2018.

MARCIA MORALES HOWARD
United States District Judge

lc23
Copies to:
Counsel of Record